UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

W.B., by and through his father and legal
guardian David B., and A.W., by and
through her mother and legal guardian,
Brittany C., on behalf of themselves and
all others similarly situated,

       Plaintiffs,

v.

JASON WEIDA, in his official
capacity as Interim Secretary for the
FLORIDA AGENCY FOR HEALTH
CARE ADMINISTRATION,

       Defendant.
_____/

Case No.: 3:21-cv-771-MMH-PDB

## JOINT MOTION TO STAY PROCEEDINGS

Plaintiffs, W.B., by and through his father and legal guardian, David B., and A.W., by and through her mother and legal guardian, Brittany C., and Defendant, Jason Weida, in his official capacity as Interim Secretary of Florida's Agency for Health Care Administration ("AHCA"),[1] by and through their respective counsel, file this joint motion for a short, 90-day stay of the proceedings, as AHCA has engaged in rulemaking relating to the Florida administrative rule at issue in this

---

[1] By operation of Rule 25(d), Jason Weida is automatically substituted as the defendant in this action, due to the resignation of former agency secretary Simone Marstiller.

proceeding, and the parties have agreed to mediate during the pendency of agency rulemaking.

1. At the center of this case is AHCA's definition of "medical necessity," which is defined by agency rule, Florida Administrative Code Rule 59G-1.010, used by AHCA as a utilization control device in that services must be "medically necessary," as defined in Rule 59G-1.010, to be covered by Florida's Medicaid program. Plaintiffs contend that AHCA's medical necessity definition, and its implementation thereof,, is in conflict with the "early and periodic screening, diagnostic and treatment services" ("EPSDT") provisions of the Medicaid Act and regulations implementing them, and, accordingly, Plaintiffs seek through this action to prevent AHCA from continuing to rely on its medical necessity definition in making coverage decisions involving Medicaid enrollees eligible for EPSDT services, which are all Medicaid enrollees under the age of 21.

2. On December 22, 2022, AHCA published a Notice of Development of Rulemaking, notifying the public that AHCA is considering modifications to the definition of "medical necessity" contained in Rule 59G-1.010. Additionally, the parties have agreed to attempt mediation during the pendency of agency rulemaking, which AHCA anticipates will conclude within 90 days.

3. It is well-settled that "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Pennsylvania*

*Nat'l Mut. Cas. Ins. Co. v. Edmonds*, No. CV 09-0089-WS-B, 2009 WL 10704665, at *1 (S.D. Ala. May 27, 2009) (quoting *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636 (1997)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Pennsylvania Nat'l Mut. Cas. Ins.*, 2009 WL 10704665, at *1 (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163 (1936)); *see also Hill v. Hoover Co.*, No. 1:06CV96-MCR/GRJ, 2013 WL 12177101, at *1 (N.D. Fla. June 25, 2013) (noting court continued stay of litigation for five years during ongoing settlement discussions).

4. Here, the parties respectfully assert that the balance of equities weigh in favor of the short requested stay. AHCA is engaged in rulemaking, and the agency rule at the heart of this matter may be modified in a manner material to this proceeding. Further, the rulemaking will not be protracted but rather will likely resolve in a few months, and the parties intend to mediate during the pendency of the rulemaking proceedings. Additionally, the stay may avoid the Court unnecessarily expending resources on reviewing any pending or future substantive motions on matters that may be materially changed or ultimately resolved through

mutual agreement. The parties agree that neither Plaintiffs nor AHCA will be prejudiced by the requested stay.

**WHEREFORE** the Parties respectfully request the Court enter an order temporarily staying the proceedings, for 90 days, to allow for AHCA's rulemaking to conclude and to allow the Parties an opportunity to mediate during the pendency of agency rulemaking.

Respectfully submitted this 19th day of January, 2023**.**

| FOR THE PLAINTIFFS, | FOR THE DEFENDANT, |
|---|---|
| /s/ *Katherine DeBriere* <br> Counsel for Plaintiffs <br> KATHERINE DEBRIERE <br> Fla. Bar No.: 58506 <br> Florida Health Justice Project <br> 126 W. Adams Street <br> Jacksonville, FL 32202 <br> debriere@floridahealthjustice.org | /s/ *Erik M. Figlio* <br> ERIK M. FIGLIO <br> Florida Bar No.: 0745251 <br> ALEXANDRA E. AKRE <br> Florida Bar No.: 0125179 <br> Ausley McMullen <br> 123 South Calhoun Street (32301) <br> Post Office Box 391 <br> Tallahassee, Florida  32302 <br> Phone No.:  (850) 224-9115 <br> Facsimile No.:  (850) 222-7560 <br> rfiglio@ausley.com <br> aakre@ausley.com <br> csullivan@ausley.com <br> nestes@ausley.com |

## **CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on January 19th, 2023 on all counsel of record.

/s/ *Erik M. Figlio*
Erik M. Figlio
