IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| W.B., by and through his father and legal guardian, DAVID B., and A.W., by and through her mother and legal guardian, Brittany C., on behalf of themselves and all other similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>JASON WEIDA, in his official capacity as Secretary for the FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION,<br><br>    Defendant.<br>_____/ | Case No.: 3:21-cv-771-MMH-PDB |

## JOINT STATUS REPORT AND MOTION TO EXTEND STAY

Plaintiffs and Defendant, by and through undersigned counsel, pursuant to this Court's November 20, 2023, Order (Doc. No. 99), submit the following:

1. On January 19, 2023, the Parties submitted a Joint Motion to Stay Proceedings (Doc. No. 76), in which the Parties requested that this case be stayed for 90 days while the Florida Agency for Health Care Administration ("AHCA") engaged in rulemaking regarding a rule closely related to this matter and the Parties engaged in mediation. Specifically, on December 22, 2022, AHCA published a Notice of Development of Rulemaking stating its intention to revise the definition

of "medical necessity or medically necessary" contained in Section 2.83 of the Florida Medicaid Definitions Policy, Rule 59G-1.010, Florida Administrative Code (the "Rule"), to provide that the following standard will no longer apply to individuals under age 21: that "medical or allied care, goods, or services furnished or ordered must … [b]e necessary to protect life, to prevent significant illness, or to alleviate severe pain." (the "Rule Amendment").

2. On January 20, 2023, the Court granted the motion, staying the case until April 20, 2023 (Doc. No. 77). The Parties participated in a full-day mediation session on March 20, 2023, which did not result in a settlement nor did the Parties impasse. The Parties subsequently participated in a second all-day mediation session on April 13, 2023, which resulted in, among other things, this Court ordering a continuation of the stay of this litigation for an additional 60 days, until June 23, 2023, while the Parties continued negotiating. (Doc. No. 84). Subsequently, pursuant to the Parties' request, the Court granted additional extensions of the stay, ultimately staying the case until November 20, 2023, while the Parties engaged in settlement discussions. (Doc. No. 99).

3. The Parties have executed a settlement agreement, attached hereto as Exhibit "A" (the "Agreement"). Pursuant to the Agreement, following the final adoption of the Rule Amendment, which AHCA anticipates being completed on or before April 1, 2024, AHCA will take several steps outlined in the Agreement within

150 days of the adoption of the Rule Amendment, after which, within 30 days, Plaintiffs will file a notice of voluntary dismissal without prejudice with the Court. The Agreement does not provide for the award or payment of attorneys' fees, or any other form of monetary payment in exchange for settlement.

4. Thus, it is presently anticipated that by October 1, 2024, this case will be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Although Plaintiffs have moved for class certification, (Doc. No. 3), the Parties respectfully assert that no further proceedings under Federal Rule of Civil Procedure 23 are required. More specifically, because no class has been certified, nor is a class being proposed to be certified for purposes of settlement, the Parties do not believe that court approval pursuant to Rule 23(e) is necessary. Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class--or a class proposed to be certified for purposes of settlement--may be settled, voluntarily dismissed, or compromised only with the court's approval.").[1]

5. Accordingly, the Parties respectfully request that the Court enter a stay of these proceedings until October 1, 2024, to allow the Parties to implement the terms of the Agreement. The Parties agree that neither Plaintiffs nor AHCA will be

---

[1] Further, and in any event, the Parties respectfully assert that neither the Agreement nor the dismissal will be tainted by collusion or result in prejudice to absent putative class members. The Agreement will equally benefit all Medicaid recipients, including putative class members, and there is no monetary consideration being given in exchange for settlement.

prejudiced by a further extension of the stay. The parties will alert the Court promptly if any matters arise that necessitate the Court's involvement.

Respectfully submitted this 5th day of January 2024.

| | |
|---|---|
| */s/ Katherine DeBriere* | */s/ Erik M. Figlio* |
| Katherine DeBriere | Erik M. Figlio |
| FBN: 58506 | FBN: 0745251 |
| Florida Health Justice Project | Ausley McMullen |
| 126 W. Adams Street | 123 S. Calhoun St. (23201) |
| Jacksonville, FL 32202 | P.O. Box 391 |
| debriere@floridahealthjustice.org | Tallahassee, FL  32302 |
| | rfiglio@ausley.com |
| | csullivan@ausley.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on January 5, 2024 on all counsel of record.

/s/ *Erik M. Figlio*
Erik M. Figlio